UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION – COLUMBUS
*Electronically Filed*

| | | |
|---|---|---|
| IXTEL P. POLO | ) | |
| | ) | HON. MICHAEL H. WATSON, Presiding |
| Plaintiff, | ) | HON. NORAH MCCANN KING, Referral |
| | ) | |
| v. | ) | Case No. 2:15-CV-2749-MHW-NMK |
| | ) | |
| BAY AREA CREDIT SERVICE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT**

Defendant HOVG, LLC, d/b/a Bay Area Credit Service ("Bay Area") states as follows for its reply to the plaintiff's response to Bay Area's motion to set aside the Clerk's entry of default.

This is an action by *pro se* plaintiff Ixtel P. Polo alleging that Bay Area violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Ohio Revised Code § 1321.45 by obtaining certain information about her credit score and updated contact information through a "soft pull" of the plaintiff's credit report.  In its motion to set aside the entry of default, Bay Area explained that (1) it did not default because it "otherwise defended" by negotiating with plaintiff and denying liability; and (2) regardless, there is "good cause" under Rule 55(c) to set aside the default because the plaintiff will not be prejudiced by setting aside the entry of default, Bay Area has a meritorious defense to the plaintiff's claims, and Bay Area did not engage in culpable conduct in connection with the entry of default.

In response, the plaintiff raises several arguments, none of which has merit.  For the reasons below and those set forth in Bay Area's motion to set aside the default and supporting memorandum, the Court should set aside the entry of default and allow the action to proceed on its merits.

### 1. Bay Area did not default.

First, plaintiff argues that Bay Area did not "otherwise defend" under Federal Rule of Civil Procedure 55(a) by engaging in correspondence with her regarding the lawsuit, attempting to negotiate a resolution, and communicating to the plaintiff that it believed her claims were without merit and that Bay Area intended to defend against them.  The plaintiff's position is that because Bay Area did not file an Answer or motion to dismiss within 21 days of service, it was in default.  Plaintiff, however, cites no case law to support her position, nor does she make any effort to undercut the authorities cited by Bay Area, which demonstrate that a defendant can "otherwise defend" under Rule 55(a) without actually appearing in the lawsuit or filing an Answer.  *See, e.g., Key Bank v. Tablecloth Textile Co.*, 74 F.3d 349, 353 (1st Cir. 1996) ("[W]e have held that a defaulting party 'has appeared' for Rule 55 purposes if it has 'indicated to the moving party a clear purpose to defend the suit.'"); *see also Lacy v. Sitel Corp.*, 227 F.3d 290, 292-93 (5th Cir. 2000) (communication from defense counsel to plaintiff can show intent to defend).  Because Bay Area did not, in fact, default, the Court may set aside the entry of default.

### 2. Bay Area has a meritorious defense.

The plaintiff argues that there is not "good cause" under Rule 55(c) to set aside the default.  Plaintiff focuses most of her arguments on one of the three factors to be considered by the Court – whether the defendant can present a meritorious defense.  The plaintiff contends that, for a variety of reasons, Bay Area did not have a "permissible purpose" under the FCRA to

2

obtain information about her credit.  (*See* Plaintiff's Response, DN 13, pp. 8-11.)  The plaintiff's position is incorrect and contrary to Sixth Circuit law.  "[A] debt collector may obtain a consumer report for the purpose of collecting an outstanding debt." *Bowling v. Scott Lowery Law Office, P.C.*, 2014 U.S. Dist. LEXIS 111165, *7, 2014 WL 3942280 (W.D. Ky. Aug. 12, 2014) (citing *Duncan v. Handmaker*, 149 F.3d 424, 427 (6th Cir. 1998); *Carlisle v. Portfolio Recovery Assocs.*, 2014 U.S. Dist. LEXIS 136834, *6 (E.D. Tenn. Sept. 29, 2014) (dismissing FCRA claims against a debt-collection company because "debt collection is a permissible purpose"). The Federal Trade Commission, which is charged with enforcing the FCRA, has explained, "*A collection agency has a permissible purpose under [§1681b(a)(3)(A)] to receive a consumer report on a consumer for use in attempting to collect that consumer's debt, regardless of whether that debt is assigned or referred for collection*."  COMMENTARY ON THE FAIR CREDIT REPORTING ACT, 55 FR 18804-01 (emphasis supplied); *see also Bowling*, 2014 U.S. Dist. LEXIS 111165, *14 (quoting same).

Regardless, the details of plaintiff's argument regarding "permissible purpose" are not relevant to whether Bay Area has a meritorious defense for purposes of setting aside default.  As the Sixth Circuit has explained, "A defense is meritorious if '*there is some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Burrell v. Henderson*, 434 F.3d 826, 834-35 (6th Cir. 2006) (emphasis supplied).  The Court need not even evaluate the merits of the asserted defense to determine that this factor weighs in favor of Bay Area.  The plaintiff does not dispute that if Bay Area had a permissible purpose to (allegedly) obtain information about her credit, she lacks a viable claim under the FCRA and the Ohio statute that incorporates it by reference.[1]

---

[1] Plaintiff also appears to dispute that Bay Area has a meritorious defense to her FDCPA claim.  However, she does not provide any support for her position that Bay Area initiated "communication with" her concerning the collection

### 3. Setting aside the default will not prejudice the plaintiff.

In its motion to set aside the default, Bay Area cited Sixth Circuit precedent holding that "[d]elay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55." *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006).  Despite this unambiguous authority, plaintiff argues that she "will be prejudiced by incurring the additional expense caused by the delay." (Plaintiff's Response, DN 13, p. 13.)  Plaintiff does not explain how the alleged delay has caused her additional expense.  Plaintiff argues that if the default is set aside, she should be awarded costs in some unspecified amount. (*Id.*)  The plaintiff provides no legal basis for such an award.  She cites cases from other jurisdictions that involve imposing a bond requirement as a condition of setting aside *a default judgment* under Federal Rule of Civil Procedure 60.  Here, no default judgment has been entered, and the plaintiff cites no authority that supports her request for costs.  Regardless, there are no grounds for awarding costs here.  Bay Area acted in good faith by attempting to resolve this matter without litigation.  There has not been any kind of significant delay or disregard for the Court's rules that could justify an award of costs.

### 4. Bay Area did not engage in "culpable conduct."

Last, plaintiff argues that Bay Area engaged in "culpable conduct."  Plaintiff contends that one part of the definition of the word "culpable" in BLACK'S LAW DICTIONARY states "2. Involving the breach of a duty," and Bay Area allegedly breached a duty to timely respond to the Complaint.  Plaintiff does not elaborate on why she believes the alleged untimely filing of an Answer constitutes a breach of a duty.  Regardless, plaintiff's argument ignores the Sixth Circuit's definition of "culpable conduct" in this context, which was cited by Bay Area in its

---

of a debt by obtaining information about her credit via a "soft pull."  Bay Area never communicated with the plaintiff concerning her debt until she threatened to sue.


motion to set aside the default: "for the defendant to be deemed culpable for the default, he "***must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings***." *$22,050.00 United States Currency*, 595 F.3d 318, 327 (emphasis supplied).  For the reasons detailed above and in Bay Area's prior filings, Bay Area did not intend to thwart judicial proceeds or engage in reckless disregard for the effect of its conduct on judicial proceedings.  Bay Area, instead, attempted to spare both parties the expense of litigation by explaining to plaintiff that her claims were without merit and offering to resolve the claims for nuisance value.  In short, Bay Area did not engage in culpable conduct.

The plaintiff's response does not offer any viable basis for denying Bay Area's well-founded motion to set aside the default.  Bay Area respectfully requests that the Court grant its motion to set aside the entry of default.

Respectfully submitted,

/s/ Mark B. Gerano
Mark B. Gerano, No. 0091969 (Trial Attorney)
DINSMORE & SHOHL LLP
255 E. Fifth St., Suite 1900
Cincinnati, OH 45202
Phone (513) 977-8200
Fax (513) 977-8141
mark.gerano@dinsmore.com
*Counsel for Bay Area Credit Service*

AND

Stephen J. Mattingly
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
(502) 540-2300
Fax: (502) 585-2207
stephen.mattingly@dinsmore.com
*Counsel for Bay Area Credit Service (to seek admission pro hac vice)*

## CERTIFICATE OF SERVICE

       I certify that a copy of the foregoing was filed on November 17, 2015, using the CM/ECF system, which will send notice of filing to all parties of record, and a copy was served via email and U.S. Mail on the following:

Ixtel P. Polo
6983 Steeplebush Ave.
Westerville, OH 43082
poloixtel@gmail.com

                                          /s/ Mark B. Gerano
                                          *Counsel for Bay Area Credit Service*